UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re: )
BRADY, RONALD G., )
) Case No.
_____Debtor. )

*CHAPTER 13 PLAN*
ORIGINAL ☑
AMENDED PLAN # ☐

## 1. GENERAL PROVISIONS:

**(a) YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court. If you have a secured claim, this plan may modify your lien if you do not object to the plan.

**(b) PROOFS OF CLAIM:** This plan does not allow claims. You must file a proof of claim to receive pre-confirmation adequate protection payments and to receive distribution under a confirmed plan. The filed proof of claim shall control as to the claim amount for pre-petition arrearages, secured and priority tax liabilities, and any payment in full offers unless specifically objected to and determined otherwise by the Court. All claims that are secured by a security interest in real estate shall comply with the requirements of B.R. 3001(c) without regard to whether the real estate is the debtor's principal residence.

**(c) NOTICES RELATING TO MORTGAGES:** All creditors with claims secured by a security interest in real estate shall comply with the requirements of B.R. 3002.1 without regard to whether the real estate is the debtor's principal residence. In addition to the requirements of B.R. 3002.1, should there be a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Bankruptcy Court and serve upon the debtor, debtor's counsel and the Chapter 13 Trustee a Notice setting forth the change and providing the name of the servicer, the payment address, a contact phone number and a contact e-mail address.

**(d) NOTICES (OTHER THAN THOSE RELATING TO MORTGAGES):** Non-mortgage creditors in Section 7(c) (whose rights are not being modified) or in Section 10 (whose executory contracts/unexpired leases are being accepted) may continue to mail customary notices or coupons to the debtor or the Trustee notwithstanding the automatic stay.

**(e) ADEQUATE PROTECTION PAYMENTS:** In accordance with Local Rule B3015-3, any adequate protection payment offers shall be based upon 1% of the proposed allowed secured claim, although that presumption may be rebutted. The Chapter 13 Trustee

("Trustee") shall disburse such payments to the secured creditor as soon as practicable after receiving plan payments from the debtor. All adequate protection payments shall be subject to the Trustee's percentage fee as set by the United States Trustee. No adequate protection payments will be made by the debtor directly to the creditor.

(f) **EQUAL MONTHLY PAYMENTS:** The Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

(g) **PAYMENTS FOLLOWING ENTRY OF ORDERS LIFTING STAY:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as an amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

**2. SUBMISSION OF INCOME:** Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the debtor as is necessary for the execution of this plan.

**3. PAYMENT AND LENGTH OF PLAN:**

(a) Debtor shall pay $233.00 per month to the Chapter 13 trustee, starting not later than 30 days after the order for relief, for approximately 60 months, for a total amount of $13,980.00.

(b) **INCREASED FUNDING:** If additional property comes into the estate pursuant to 11 U.S.C. Section 1306(a)(1), or, if the Trustee discovers undisclosed property of the estate, then the Trustee may obtain such property or its proceeds to increase the total amount to be paid under the plan. No motion to modify the plan will be required but the Trustee may file a report to court. However, if the Trustee elects to take less than 100% of the property to which the estate is entitled, OR less than the amount necessary to pay all allowed claims in full, then a motion to compromise and settle will be filed, and appropriate notice given.

(c) **CURING DEFAULTS:** If Debtor falls behind on plan payments, or if changes to the payments owed to secured lenders require additional funds from the Debtor's income, the Debtor and the Trustee may agree that the Debtor(s) will increase the payment amount each month or that the time period for making payments will be extended, not to exceed 60 months. Creditors will not receive notice of any such agreement unless the total amount that the Debtor(s) will pay to the Trustee decreases. Any party may request in writing, addressed to the Trustee at the address shown on the notice of the meeting of creditors, that the Trustee give that party notice of any such agreement. Agreements under this section cannot extend the term of the plan more than 6 additional months.

(d) **OTHER PLAN CHANGES:** Any other modification of the plan shall be proposed by motion pursuant to 11 U.S.C. Section 1329. Service of any motion to modify this plan shall be made by th emoving party as required by FRBP 2002(a)(5) and 3015(g), unless otherwise ordered by the court.

(e) Additional payments to trustee:  The funding of this plan will include federal tax refunds if due in an amount not to exceed one half of said net refund, yearly,  if said is received in the first 60 months of the plan.  The debtor agrees to provide a copy of the tax return filed in the year immediately following the year the Debtor(s) bankruptcy was filed by April 15th of the said following year and each year thereafter during the first 60 months of this Plan.

(f)  From the payments received the Trustee shall make payments as follows:

First, to the Trustee for fees to be paid pursuant to statute;
Second, to other allowed administrative expenses listed in paragraph 4 below.
Third, to allowed secured claims and allowed secured arrearage claims listed in paragraphs 6 and 7 below;
Fourth, to allowed priority and allowed secured claims listed in paragraphs 5 & 8 below; and, Fifth, to allowed specially classified unsecured claims listed in paragraph 9 below.

**4. ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):**
　　　　　　NONE

**5.  DOMESTIC SUPPORT OBLIGATIONS:**  The following Domestic Support Obligations will be paid in the manner specified:

| Creditor | Type of Claim | Estimated Arrears | Treatment |
|----------|---------------|-------------------|-----------|

**DEBTOR IS REQUIRED TO PAY ANY PAYMENTS FALLING DUE AFTER THE FILING OF THE CASE PURSUANT TO A DOMESTIC SUPPORT ORDER DIRECTLY TO THE PAYEE IN ORDER FOR THIS PLAN TO BE CONFIRMED AND FOR DEBTOR TO RECEIVE A DISCHARGE FROM THE COURT UPON COMPLETION OF PLAN PAYMENTS HEREIN.**

**6. SECURED CLAIMS RELATING TO RESIDENTIAL REAL ESTATE- CURING DEFAULTS AND/OR MAINTAINING PAYMENTS (INCLUSIVE OF REAL ESTATE TAXES AND HOMEOWNER'S ASSOCIATION ARREARS):**  If there is a pre-petition arrearage claim on a mortgage secured by the debtor's principal residence, then both the pre-petition arrearage and the post-petition mortgage installments shall be made through the Trustee.  Initial post-petition payment arrears shall be paid with secured creditors.  If there are no arrears, the debtor may pay the secured creditor directly.  Estimate Current Monthly Installment listed below shall be adjusted based on filed claim and/or notice.

| Creditor | Residential Address | Estimated Arrears | Select One: | |
| | | | Trustee Pay | Direct Pay (estimated currnet month installment $556.00) |
| Green Tree | 4421 W. 25th, Anderson, IN 46011 | One month arrears. Debtor shall make payments outside the plan directly to creditor. | ☐ | ☑ |

**No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.**

**7. SECURED CLAIMS OTHER THAN CLAIMS RELATING TO RESIDENTIAL REAL ESTATE:** After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the equal monthly amount in column (a)(6) or (b)(7) based upon the amount of the claim (Para. 7(a), column (4) or value offer (Para. 7(b), column (5) with interest at the rate stated in column (a)(5) or (b)(6).

(a)      Secured Claims To Which Section 506 Valuation Is Not Applicable.

**(a) Secured Claims to Which 11 U.S.C. 506 Valuation Is Not Applicable:**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Claim Amount | (5) Interest Rate | (6) Equal Monthly Amount | (7) Adequate Protection Amount -- (1% of Column (d)) |
| | | | | | | |

Additional plan offer, if any, as relates to above claim(s):_____

(b)     <u>Claims to Which Section 506 Valuation is Applicable.</u>

**(b) Secured Claims to Which 11 U.S.C. 506 Valuation is Applicable:**

| (1) Creditor | (2) Collatera and fair market value | (3) Scheduled Debt | (4) Value | (5) Interest Rate | (6) Equal Monthly Amount | (7) Adequate Protection Amount - (1% of Column (d)) |
|---|---|---|---|---|---|---|
| | | | | | | |

(c) **Curing Defaults and/or Maintaining Payments:** Trustee shall pay allowed claim for arrearage, and debtor shall pay regular post-petition contract payments directly to the creditor:

| Creditor | Collateral | Estimated Arrears | Interest Rate |
|---|---|---|---|

The debtor proposes to pay the exact pre-petition arrears set forth by the creditor in its allowed proof of claim, unless expressly objected to by debtor by means of a filed claim objection.

(d) **Surrendered/Abandoned Collateral**: The debtor intends to surrender the following collateral. Upon confirmation, the Chapter 13 estate abandons any interest in, and the automatic stay pursuant to 11 U.S.C. Section 362 is terminated as to, the listed collateral. Upon confirmation, the secured creditor is free to pursue its in rem rights in state court.:

| Creditor | Collateral Surrendered | Secured Value of Property |
|---|---|---|

**8. SECURED TAX CLAIMS AND 11 U.S.C. 507 PRIORITY CLAIMS:** All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms). All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise:

| Creditor | Type of Priority or Secured Claim | Scheduled Amount and Treatment |
|---|---|---|
| Internal Revenue Service | Taxes | $3,000.00 |

**9. NON-PRIORITY UNSECURED CLAIMS:**

**(a) Separately Classified or Long-term Debts**:

| Creditor | Basis for Classification | Treatment | Amount | Interest |
|---|---|---|---|---|

**(b) General Unsecured Claims:**
- ☑ Pro rata distribution from any remaining funds; pr
- ☐ Other

**10. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** All executory contracts and unexpired leases are **REJECTED**, except the following, which are assumed:

| Creditor | Contract/Lease Description | Treatment |
|---|---|---|

**11. AVOIDANCE OF LIENS:** Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions:

| Creditor | Collateral | Amount of Lien to be Avoided |
|---|---|---|

**12. LIEN RETENTION:** With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) a discharge order being entered under 11 U.S.C.1328.

**13. VESTING OF PROPERTY OF THE ESTATE:** Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the debtor upon confirmation of the debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the debtor post-petition pursuant to operation of 11 U.S.C. 1306.

**14. MISCELLANEOUS PROVISIONS:**

A.      Debtor(s) attorney's fees are not included in expenses in that said fees qualify for benefits under their pre-paid legal services program.

B.      Secured Claims.

(1)      Upon payment of a creditor's secured claim as outlined in Paragraph 6 above, subject to the restrictions in paragraph 12 above, each such creditor shall immediately execute and deliver any and all necessary documents to effectuate release of such lien and delivery of an unencumbered title to the Debtor(s).

(2)      Each secured creditor shall be treated as a separate class of claims.

C.      No interest, penalty or additional charge shall be allowed on any non-secured account subsequent to the filing of the petition herein. Interest, if any, shall be allowed on claims to fully or partially secured creditors as indicated in Paragraphs 5, 6 or 7

above in accordance with 11 U.S.C. § 506(b), 11 U.S.C. § 1322(e) and 11 U.S.C. § 1325(a)(5).

D.      No provision of this Plan shall be deemed to eliminate the necessity for a secured, priority, unsecured, contingent or unliquidated claimant to file a timely proof of claim in order to be eligible to participate in distributions from the Trustee.

E.      The automatic stay shall be modified to the limited extent necessary to permit cancellation of credit life/disability insurance financed with Debtor(s) pre-petition non-mortgage accounts and said insurance rebates shall reduce the allowed balance of any such account.  With the exceptions noted above the automatic stay imposed under 11 U.S.C. § 362(a) shall be deemed to continue in full force and effect pending further order of the court, dismissal of debtor's case or closing of the bankruptcy estate.

F.      Apart from establishing the extent to which an undersecured claim is to be allowed as secured [ where the Plan specifies value of collateral for purposes of 11 U.S.C. §§ 506(a) and 1325(a)(5)(B)(ii) ], confirmation of this Plan shall not be deemed to determine claim balances, nor shall confirmation preclude or limit Debtors' right or ability to object to proofs of claims subsequent to confirmation, irrespective of whether or not the claim holder filed its claim prior to or subsequent to confirmation.

G.      Any post petition debt for federal income taxes may be added to the plan pursuant to 11 U.S.C. Section 1305(a)(1) and shall be paid in full as if it were a Section 507(a)(8)(A)(i) liability, pursuant to Section 1322(a)(2).


DATED:  April 17, 2014




/s/ Brady, Ronald G.
Brady, Ronald G.




/s/ Clifford Greer
Clifford Greer
UAW LEGAL SERVICES PLANS
3750 Guion Road, Suite 200
Indianapolis, IN 46222
Phone (317) 926-7036
Fax (317) 927-6169
E-mail: bankruptcynotification157@uawlsp.com